EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,

v.

MEYER BROTHERS DRUG COMPANY,

and

Local 688 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants-Appellees.

No. 75–1091

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1975.

Decided June 30, 1975.

Ronald J. James, Regional Atty., and Mary Jane S. Watt, Trial Atty., Chicago Regional Litigation Center, Chicago, Ill., Charles L. Thomas, EEOC, Washington, D. C., and Gretchen Huston, EEOC, St. Louis, Mo., for plaintiff-appellant.

Fred Leicht, Jr., and Thomas E. Wack, Armstrong, Teasdale, Kramer & Vaughan and Clyde E. Craig, St. Louis, Mo., for defendants-appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and HEANEY, Circuit Judges.

PER CURIAM.

■ The Equal Employment Opportunity Commission [EEOC] commenced this action on October 21, 1974, against Meyer Brothers Drug Company [Employer] and Teamsters Local 688 [Union], alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Supp. II, 1972). The action stemmed from a charge of racial discrimination which had been filed with the EEOC in 1971. The District Court granted summary judgment for the Employer, holding that § 706(f)(1) of Title VII, ·42 U.S.C. § 2000e–5(f)(1), precludes the EEOC from filing suit more than 180 days after an employment discrimination charge has been filed with it. We reverse and remand for further proceedings.

In *Hazel Tuft v. McDonnell Douglas Corp.,* No. 74–1890, 517 F.2d 1301 (8th Cir. 1975), another panel of this Court concluded that § 706(f)(1) is not a bar to EEOC enforcement action after 180 days.[1] *Id.* at 1307. We adhere to that conclusion, which is in accord with the holdings of all four Courts of Appeals which have examined the issue. *See Equal Employment Opportunity Commission v. E. I. duPont de Nemours & Co.,* 516 F.2d 1297 at 1298 (3rd Cir. 1975); *Equal Employment Opportunity Commission v. Kimberly-Clark Corp.,* 511 F.2d 1352, 1356–1357 (6th Cir. 1975); *Equal Employment Opportunity Commission v. Louisville & Nashville R. Co.,* 505 F.2d 610, 612 (5th Cir. 1974); *Equal Employment Opportunity Commission v. Cleveland Mills Co.,* 502 F.2d 153, 159 (4th Cir. 1974), *cert. denied,* 420 U.S. 946, 95 S.Ct. 1328, 43 L.Ed.2d 425 (1975).

■ This Court's decision in *Hazel Tuft v. McDonnell Douglas Corp., supra,* also answers the Employer's alternate contention that summary judgment should be upheld because the EEOC has never issued a "right to sue" letter to

1. The Employer asserts that this Court's conclusion on the 180-day issue in *Tuft* was dictum, and ought to be reexamined here. We cannot agree that the conclusion was dictum. As the Court noted, the question of whether the EEOC was required to issue the right to sue letter at the expiration of 180 days was directly linked to the question of whether the EEOC had power to commence a suit after that period. *Hazel Tuft v. McDonnell Douglas Corp.,* No. 74–1890, 517 F.2d 1301, at 1306 (8th Cir. 1975). In any event, we are satisfied with the correctness of the conclusion, and find support in the cases cited in the text.

the complainant, despite the passage of more than 180 days. We held there that the EEOC was not required to issue the right to sue letter at the expiration of the 180-day period.[2] That decision rejected the Employer's argument that the EEOC must not be permitted to manipulate the time limits of the Act and retain jurisdiction beyond the 180 days by not notifying the charging party.

Reversed and remanded.

---

2. *Cf. Johnson v. Railway Express Agency, Inc.,* —— U.S. ——, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), where the Supreme Court described the operation of the statute:

    * * * If, however, the EEOC is not successful in obtaining "voluntary compliance" and, for one reason or another, chooses not to sue on the claimant's behalf, the claimant, after the passage of 180 days, *may demand a right-to-sue letter and institute the Title VII action himself without waiting for the completion of the conciliation procedures.* * * *

*Id.* at ——, 95 S.Ct. at 1719 (emphasis supplied).